IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DERRICK MATHIS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| FRANCINE MATHIS, et al. | : | NO.  14-5089 |

## MEMORANDUM

**GOLDBERG, J.**                                                    **SEPTEMBER 11, 2014**

Plaintiff Derrick Mathis brings this action against Francine Mathis and her attorney based on their conduct in connection with domestic relations proceedings.  He seeks to proceed *in forma pauperis*.  For the following reasons, the Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss the complaint.

### I.    FACTS

The complaint reflects that plaintiff and Francine Mathis have been involved in divorce and custody proceedings in state court.  The Court understands plaintiff to be alleging that he lost custody of his children and was denied the visitation rights he sought due to the defendants' misrepresentations that he was abusive.  Plaintiff also alleges that the defendants lied to the state court to procure a protection from abuse order and "used people in the court to accumulate arrears in child support."  Accordingly, he filed this action claiming that he was deprived of his "human rights" and "civil rights," and that he was the victim of "assault" and "defamation."  He seeks monetary damages and asks that the Court "restore rights to [his] children."

### II.    STANDARD OF REVIEW

Plaintiff is granted leave to proceed *in forma pauperis* because it appears that he is unable to pay the costs of filing suit.  As plaintiff is proceeding *in forma pauperis*, 28 U.S.C. §

1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). As plaintiff is proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011). Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## III.   DISCUSSION

To the extent plaintiff is complaining of injuries caused by adverse state-court judgments and seeking relief "inviting district court review and rejection of those judgments," the *Rooker-Feldman* doctrine precludes this Court from exercising jurisdiction over his claims. *Great W. Mining & Mineral Co. v. Fox Rothschild, LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (quotations omitted). To the extent plaintiff's claims are not barred by the *Rooker-Feldman* doctrine, he has not stated a federal claim for relief under 42 U.S.C. § 1983. "[A] suit under § 1983 requires the wrongdoers to have violated federal rights of the plaintiff, and that they did so while acting under color of state law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995). Here, the defendants are plaintiff's ex-wife and her attorney. Nothing in the complaint plausibly suggests that they could be considered state actors for purposes of § 1983. *See Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court.").

2

Even if defendants lied to the state court, the complaint does not provide a plausible basis for concluding that they acted jointly with the judge or other state actors for purposes of § 1983. *See Dennis v. Sparks*, 449 U.S. 24, 28 (1980) ("[M]erely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge."); *Harvey v. Plains Twp. Police Dep't*, 421 F.3d 185, 195 (3d Cir. 2005) ("The Supreme Court's language requiring joint action or action in concert suggests that some sort of common purpose or intent must be shown."). Nor does the complaint reflect any other basis for a federal claim.

To the extent plaintiff is raising claims under state law, the only possible independent basis for subject matter jurisdiction is 28 U.S.C. § 1332(a), which grants district courts jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."[1] Diversity jurisdiction does not exist here because it appears that all of the parties are citizens of Pennsylvania. Accordingly, if plaintiff seeks to pursue those claims, he must proceed in state court.

## IV.    CONCLUSION

For the foregoing reasons, the Court will dismiss plaintiff's complaint without prejudice to him refiling his state law claims in state court. Plaintiff will not be given leave to file an amended complaint because he cannot cure the defects noted above.[2] *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate order follows.

---

[1] The Court will not exercise supplemental jurisdiction, having dismissed plaintiff's federal claims.

[2] This is not the first action plaintiff has filed against the defendants based on the proceedings in state court. A prior action he filed was dismissed for failure to state a federal claim and for lack of subject matter jurisdiction over any state law claims. *See Mathis v. Mathis*, E.D. Pa. Civ. A. No. 14-3687 (June 20, 2014 order).

3